# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendants | Case No.: 2:16-cv-00470-APG-DJA<br><br>**Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Granting in Part SFR's Motion for Summary Judgment, and (3) Setting Deadlines for Further Action**<br><br>[ECF Nos. 75, 76] |

Plaintiff Deutsche Bank National Trust Company (Deutsche) sues to determine whether a deed of trust encumbering property located at 9432 Melva Blue Court in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Centennial Point Community Association, Inc. (Centennial). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. Deutsche seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Centennial. Deutsche also asserts an unjust enrichment claim against SFR and Centennial. SFR counterclaims against Deutsche and cross-claims against Nationstar Mortgage LLC for declaratory relief that it purchased the property free and clear of the deed of trust and that its claim to title is superior to Deutsche and Nationstar. SFR also filed a declaratory relief cross-claim against the former homeowners, Mark Kitchen and Nicole Kitchen.

Deutsche and Nationstar move for summary judgment, arguing that Deutsche's prior loan servicer, Bank of America, tendered the superpriority amount prior to the HOA foreclosure sale and thereby preserved the deed of trust. Centennial agrees with Deutsche and Nationstar. ECF

No. 86. SFR moves for summary judgment, arguing Deutsche and Nationstar lack standing and are not the real parties in interest. Alternatively, SFR contends that Deutsche's declaratory relief claim and Nationstar's defenses are untimely. SFR also argues Deutsche's unjust enrichment claim lacks supporting evidence. In its opposition to Deutsche's motion, SFR argues that the equities weigh in its favor as a bona fide purchaser and that Deutsche has not established there were no maintenance or nuisance abatement charges for this property. Deutsche and Nationstar respond that Deutsche is the real party in interest and has standing because the assignment of the deed of trust from Bank of America to Nationstar is a rogue filing that conveyed nothing. They also contend Deutsche's declaratory relief claim is timely.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Deutsche's motion and deny in part SFR's motion because Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot Deutsche's alternative damages claims against Centennial. I grant in part SFR's motion as to its quiet title counterclaim against Nationstar and as to Deutsche's unjust enrichment claim. Finally, I set a deadline for (1) SFR to either dismiss or move for default judgment on its cross-claim against the Kitchens, and (2) for Deutsche to state whether it intends to proceed on its unjust enrichment claim against Centennial.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Standing**

A plaintiff must have suffered an "injury in fact" that is fairly traceable to the defendant and that a favorable court decision could likely redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotation omitted). Additionally, "as a prudential matter," the plaintiff must "assert [its] own legal interests as the real party in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

SFR questions whether either Deutsche or Nationstar has standing and is a real party in interest because of an assignment to Nationstar in the recorded documents related to this property. Deutsche and Nationstar contend that assignment is a rogue document.

The deed of trust identifies Mortgage Electronic Registration Systems, Inc. (MERS) as the original beneficiary under the deed of trust. ECF No. 75-2. In February 2010, MERS assigned the deed of trust to Deutsche. ECF No. 75-3. In October 2013, Bank of America purported to assign the deed of trust to Nationstar. ECF No. 75-4. As explained by Nationstar's

3

Rule 30(b)(6) witness, Keith Kovalic, the assignment from Bank of America to Nationstar was invalid because there is no assignment from Deutsche to Bank of America, so Bank of America had no means to assign the deed of trust to Nationstar. ECF No. 75-5 at 8-10. There is no evidence that MERS assigned the deed of trust to Bank of America before it assigned it to Deutsche, or that Deutsche assigned the deed of trust to Bank of America before Bank of America purported to assign it to Nationstar. Because there is no evidence Bank of America ever had an interest in the deed of trust, it could not have assigned it to Nationstar. *See CitiMortgage, Inc. v. Saticoy Bay LLC Series 3084 Bellavista Lane*, No. 71606, 448 P.3d 573, 2019 WL 4390765, at *1 n.2 (Nev. 2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.") (quotation omitted).

Accordingly, Deutsche is the beneficiary of record for the deed of trust, has standing, and is the real party in interest to assert the declaratory relief claim. Nationstar has effectively conceded that it does not have standing and has no interest in the property beyond acting as Deutsche's loan servicer. I therefore grant SFR's motion for summary judgment on its cross-claim against Nationstar.

**B. Declaratory Relief**

*1. Statute of Limitations*

In its motion and opposition, SFR presents its latest iteration of its statute of limitations argument. I have considered SFR's arguments, but I decline to reconsider my position that the four-year catchall limitation period applies to Bank of America's declaratory relief claim. *See Bank of Am., N.A. v. Ladera Homeowner's Ass'n*, No. 2:16-cv-00394-APG-EJY, 2019 WL 6174310, at *2 (D. Nev. Nov. 20, 2019); *Bank of Am., N.A. v. Country Garden Owners Ass'n*,

4

No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). Because Deutsche's complaint was brought within four years of the HOA foreclosure sale and recordation of the foreclosure deed, its declaratory relief claim is timely. *See* ECF Nos. 1; 75-12.

   *2. Tender*

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Deutsche has met its burden of establishing that it tendered the superpriority amount in full. The HOA assessment was $62 per month. ECF Nos. 75-10 at 8, 14-16; 75-20 at 32. Prior to the HOA foreclosure sale, Bank of America tendered $558 to Centennial's foreclosure agent, Asset Recovery Services (ARS), to cover the superpriority amount of nine months of assessments. ECF Nos. 75-10 at 8, 19-26; 75-11 at 5. ARS refused to accept the check. ECF Nos. 75-10 at 8; 75-11 at 5. SFR argues that Deutsche has not shown there were no nuisance abatement or maintenance charges. But ARS's ledger does not show any charges for maintenance or nuisance abatement. ECF Nos. 75-10 at 15-16; 75-20 at 32-33. SFR has not pointed to evidence raising a genuine dispute that such charges existed on this property. Consequently, the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien

5

resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

In sum, Deutsche has shown that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust.

In terms of declaratory relief, that leaves SFR's cross-claim against the former homeowners, Nicole and Mark Kitchen. SFR previously moved for default judgment against the Kitchens, which I denied without prejudice. ECF Nos. 77; 90. SFR must now either move for default judgment or voluntarily dismiss its cross-claim against the Kitchens. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions, I will dismiss the cross-claim without prejudice.

**C. Unjust Enrichment**

SFR moves for summary judgment on Deutsche's unjust enrichment claim against it, arguing Deutsche has no evidence to support this claim. Deutsche did not respond. I therefore grant this portion of SFR's motion because Deutsche has not pointed to any evidence raising a genuine dispute for trial on this claim. However, Deutsche's unjust enrichment claim against Centennial remains pending because no party moved for judgment on that claim and it is not

pleaded in the alternative to Deutsche's declaratory relief claim. Deutsche must advise Centennial and the court whether it intends to pursue this claim.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Deutsche Bank National Trust Company's motion for summary judgment **(ECF No. 75) is GRANTED**. I hereby declare that the homeowners association's non-judicial foreclosure sale conducted on September 11, 2013 did not extinguish the deed of trust, and the property located at 9432 Melva Blue Court in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Deutsche Bank National Trust Company's alternative damages claims against defendant Centennial Point Community Association are DISMISSED as moot. However, plaintiff Deutsche Bank National Trust Company's unjust enrichment claim against defendant Centennial Point Community Association remains pending.

I FURTHER ORDER that by **January 31, 2020**, plaintiff Deutsche Bank National Trust Company shall file a notice with the court indicating whether it intends to pursue or dismiss its unjust enrichment claim against defendant Centennial Point Community Association. If it intends to pursue that claim, then the proposed joint pretrial order is due by **February 14, 2020**.

I FURTHER ORDER that defendant/cross-claimant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 76) is GRANTED in part**. The motion is granted as to Deutsche Bank National Trust Company's unjust enrichment claim against SFR and as to SFR's cross-claim against Nationstar Mortgage LLC. I hereby declare that Nationstar Mortgage LLC has no interest in the property located at 9432 Melva Blue Court in Las Vegas, Nevada.

I FURTHER ORDER that by **January 31, 2020**, SFR must either move for default judgment or voluntarily dismiss its cross-claim against Mark Kitchen and Nicole Kitchen. A

7

motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

DATED this 16th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE